```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                              :
VINCENT C. HART, SR.,         :
                              :
          Plaintiff,          :   Civ. No. 22-6131 (NLH)(AMD)
                              :
     v.                       :   OPINION
                              :
                              :
                              :
EUGENE CALDWELL, II,          :
                              :
          Defendant.          :
_____:
```

APPEARANCES:

Leonard A. Busby, Esq.
Montgomery McCracken
1735 Market Street
Philadelphia, PA 19103-7505

　　*Counsel for Plaintiff*

HILLMAN, District Judge

　　The Court issued an Order to Show Cause on November 13, 2023 directing Plaintiff Vincent C. Hart, Sr., to state why the complaint should not be dismissed for failure to prosecute. ECF No. 7. Plaintiff did not file a response. After considering the history of the case, the Court will dismiss the complaint for lack of prosecution.

I.　BACKGROUND

　　Plaintiff filed this civil action alleging Cumberland County Jail ("Cumberland Jail" or "Jail") Acting Warden Eugene Caldwell II failed to respond to the COVID-19 pandemic that

began in early 2020, resulting in unconstitutional conditions of confinement at the Jail.  See generally ECF No. 1.  The Court permitted the complaint to proceed on January 5, 2023 and appointed counsel to represent Plaintiff.  ECF No. 3.  Counsel was selected from the civil pro bono panel on June 27, 2023.  ECF No. 4.[1]

On July 12, 2023, mail sent to Plaintiff's address of record, the Hudson County Correctional Facility, was returned as undeliverable.  ECF No. 5.  Counsel wrote to the Court on July 20, 2023 stating he was unable to communicate with Plaintiff.  ECF No. 6.  Counsel represented that he had searched the New Jersey Prison inmate system for Plaintiff and had been unable to locate him.  Id.  Plaintiff has not contacted the Court with a new address.

On November 13, 2023, the Court issued an Order to Show Cause based on Plaintiff's failure to contact the Court for more than 90 days.  ECF No. 7 (citing L.Civ.R. 41.1(a)).  Neither Counsel nor Plaintiff responded to the Order.

---

[1] The Court acknowledges and appreciates the advocacy of Leonard A. Busby, Esq., of Montgomery McCracken, who accepted appointment as pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1) and this Court's Plan for Appointment of Attorneys in Pro Se Civil Actions, see App. H of the Local Civil Rules of the District of New Jersey.

II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 41(b) provides that involuntary dismissal is appropriate "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of the court[.]"  A district court should consider six factors when determining whether to dismiss a case under Rule 41(b).  Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).  The relevant factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. (emphasis omitted).  "None of the Poulis factors is alone dispositive, and it is also true that not all of the factors need to be satisfied to justify dismissal of a complaint for lack of prosecution."  Hildebrand v. Allegheny Cty., 923 F.3d 128, 132 (3d Cir. 2019).

III. DISCUSSION

A.   The Extent of the Party's Personal Responsibility

The Court concludes Plaintiff, not Counsel, bears primary responsibility for failing to move this case forward.  See id. at 133 (noting courts should "distinguish[] between a party's responsibility for delay and counsel's responsibility").  The

3

Court appointed Counsel to represent Plaintiff in this case pursuant to 28 U.S.C. § 1915(e)(1) and the factors enumerated in Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993). ECF No. 4. Counsel has been diligent in communicating with the Court and attempting to locate Plaintiff, whereas Plaintiff has failed to keep this Court informed of his current address. Accordingly, the Court concludes this factor weighs strongly in favor of dismissal.

B.   The Prejudice to the Adversary

The second Poulis factor requires the Court to consider the prejudice to the adversary. This factor weighs against dismissal. "[P]rejudice is not limited to 'irremediable' or 'irreparable' harm. It also includes 'the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy.'" Briscoe v. Klaus, 538 F.3d 252, 259 (3d Cir. 2008) (quoting Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003)).

The Court concludes Defendant's ability to prepare a defense will not be significantly impacted, at least at the current point in time.[2] This case is in the very early stages, and Defendant Caldwell has not yet been served. Additionally, Plaintiff's case is one of many filed against the Jail and its

---

[2] As the Court notes infra, this factor would change to favor dismissal if the Court administratively terminated the complaint until Plaintiff could be located.

4

leadership about the Jail's response, or lack thereof, to the COVID-19 pandemic. Defendant Caldwell has been on notice for quite some time that current and former detainees may have claims stemming from their time in the Jail, but he would retain the ability to seek appropriate evidentiary rulings if a delay impacted his ability to defend against Plaintiff's specific allegations.

C. History of Dilatoriness

"Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." Adams v. Trustees of New Jersey Brewery Employees' Pension Tr. Fund, 29 F.3d 863, 875 (3d Cir. 1994). The Court finds this factor to weigh in favor of dismissal.

Plaintiff has not contacted the Court since he filed his complaint in October 2022. Plaintiff has not kept the Court informed of his current address in violation of the Local Rules. L.Civ.R. 10.1(a). This year of silence supports dismissal.

D. Willfulness or Bad Faith

"Willfulness involves intentional or self-serving behavior." Adams, 29 F.3d at 875. Conduct that is "merely negligent or inadvertent" is not "contumacious," Briscoe v. Klaus, 538 F.3d 252, 262 (3d Cir. 2008), and the "absence of a good faith effort to prosecute . . . does not necessarily amount

5

to willfulness or bad faith as [the Third Circuit] has defined it." Adams, 29 F.3d at 876.  Here, the Court concludes that although Plaintiff's failure to communicate with the Court appears to be intentional, it is insufficient to meet the Poulis standard of willfulness.  The Court weighs this factor as slightly in Plaintiff's favor.

E.   Effectiveness of Other Sanctions

As dismissal with prejudice is an extreme sanction, the fifth Poulis factor requires the Court to consider the effectiveness of alternative sanctions.  Plaintiff is proceeding pro se and in forma pauperis, therefore monetary sanctions would not be an effective alternative. See Briscoe, 538 F.3d at 262 (citing Emerson v. Thiel Coll., 296 F.3d 184, 191 (3d Cir. 2002)).  Evidentiary sanctions are available if Plaintiff's delay can be shown to have actually impeded Defendant's ability to defend himself, but those sanctions are pointless if Plaintiff refuses to move this case forward.

One alternative would be to administratively terminate the case pending communication from Plaintiff.  "Retention of jurisdiction through the administrative closing of a case is an established practice in district courts within our Circuit." Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275 (3d Cir. 2013).  However, administrative termination would not be an effective use of this Court's limited resources.  Rule 41.1

6

makes clear that the sanction for failure to prosecute is dismissal. Administratively terminating the case until Plaintiff contacts the Court would put Defendant Caldwell in limbo for an indefinite period of time. This would lead to prejudicial effects that are not currently present such as the fading of witnesses' memories. Moreover, there is no guarantee Plaintiff would ever seek to reopen the matter since he has not communicated with the Court since filing the complaint. The Court concludes administrative termination would not be effective or in the interests of justice.

F.   Meritoriousness of the Claims

Finally, the Court considers the meritoriousness of the Plaintiff's claims. "Generally, in determining whether a plaintiff's claim is meritorious, we use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim." Briscoe, 538 F.3d at 263.

This Court screened the complaint under 28 U.S.C. § 1915 and permitted it to proceed. ECF No. 13. Plaintiff's claims that Defendant Caldwell endangered his health and safety during the COVID-19 pandemic are serious allegations and should be heard on the merits. This factor weighs against dismissal.

G.   Balancing

The Court considers three of the Poulis factors to weigh in favor of dismissal and three factors to weigh against dismissal.

7

The number of factors is not dispositive of the outcome as "there is no 'magic formula' or 'mechanical calculation'" of the factors, Hildebrand, 923 F.3d at 137, but the Court concludes the factors in favor of dismissal ultimately outweigh the factors against dismissal.

   The Court concludes the strong preference for claims to be decided on their merits is balanced out by Plaintiff's responsibility in failing to move this case forward.  The minimal prejudice to Defendant Caldwell and the absence of a showing of bad faith support the complaint remaining active, but the Court concludes Plaintiff's history of failing to communicate with the Court combined with the lack of available alternative sanctions outweigh those considerations.

   Indigent litigants have no statutory right to appointed counsel, and the courts have no authority to compel counsel to represent an indigent civil litigant.  Tabron, 6 F.3d at 156-57. The Court carefully reviews each case to determine whether appointing counsel is in the interests of justice and greatly appreciates those members of the bar who accept appointments. Here, Plaintiff has squandered that benefit by failing to participate in the case.  The Court has no confidence that Plaintiff will communicate with the Court and Defendant Caldwell or comply with other Court orders.

8

IV.  CONCLUSION

    For the reasons set forth above, the Court will dismiss the complaint for lack of prosecution.  An appropriate Order follows.


Dated: December 15, 2023         s/ Noel L. Hillman
At Camden, New Jersey         NOEL L. HILLMAN, U.S.D.J.